**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CASSIE NICOLE MERRIMAN,** | ) | |
| **Individually and as Mother and** | ) | |
| **Natural Guardian of J.B., a Minor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 3:13-cv-00296-MJR-DGW** |
| | ) | |
| **ABBOTT LABORATORIES, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

# COMPLAINT

Plaintiff Cassie Nicole Merriman brings this action, individually and as the mother and natural guardian of J.B., a minor, for damages against Abbott Laboratories, Inc., and alleges:

### PARTIES

1.      Cassie Nicole Merriman (Plaintiff) is the mother and natural guardian of J.B.  She brings this action individually for damages she sustained and on behalf of J.B. for damages sustained by J.B.

2.      Plaintiff took the prescription drug Depakote® during her pregnancy.

3.      J.B. was born on February 25, 2004, with severe valvar pulmonary stenosis and related conditions.

4.      Abbott Laboratories, Inc. (Abbott) is an Illinois corporation with its principal place of business in Abbott Park, Illinois.  At all relevant times, Abbott and/or its predecessors in interest were engaged in the business of advertising, analyzing, assembling, compounding, designing, developing, distributing, formulating, inspecting, labeling, manufacturing, marketing,

packing, producing, promoting, processing, researching, testing, and selling the prescription drug divalproex sodium under the trade name Depakote® in Indiana, Illinois, and throughout the United States.  Abbott may be served with process by registered mail, return receipt requested, upon CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332.  Abbott is incorporated under the laws of Illinois and has its principal place of business in Illinois; therefore, it is a citizen of Illinois under 28 U.S.C. § 1332(c)(1). Plaintiff is a citizen of Indiana for purposes of bringing this action in her individual capacity. For purposes of bringing this action as the legal representative of J.B., Plaintiff is a citizen of Indiana under 28 U.S.C. § 1332(c)(2).  Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs.

6.     Venue is proper in this Court under 28 U.S.C. § 1391 because at all times relevant to this Complaint, Abbott has engaged in continual business in this District and, for purposes of venue, is deemed to reside in the District under 28 U.S.C. § 1391(c).

GENERAL FACTUAL ALLEGATIONS

7.     Plaintiff is the natural mother of J.B., a minor, who was born with birth defects caused by Plaintiff's ingestion of Depakote® as prescribed by her treating physicians during her pregnancy.

8.     Abbott, its predecessors in interest, and its subsidiaries, advertised, analyzed, assembled, compounded, designed, developed, distributed, formulated, inspected, labeled, manufactured, marketed, packed, produced, promoted, processed, researched, tested, and sold

Depakote®.

9.     The prescription drug divalproex sodium is manufactured, promoted, marketed, distributed, and labeled by Abbott under the trade name Depakote® and Depakote ER® (collectively, Depakote®) and is a member of a class of drugs known as "anti-epileptic drugs" or "AEDs."  Depakote® was first approved for use in the United States by the Food and Drug Administration (FDA) for the treatment of epileptic seizures in March 1983.  It was approved for manic disorder in May 1995 and for migraine headaches in March 1996.

10.    J.B.'s injuries were a direct result of Plaintiff's ingestion of Depakote® during her pregnancy in a manner and dosage recommended by Abbott and prescribed by Plaintiff's doctors.

### Abbott Knew or Should Have Known that Depakote® Causes Serious Birth Defects

11.    Prior to Plaintiff becoming pregnant, Abbott knew or should have known that children were being born with congenital birth defects, including heart defects and other cardiopulmonary conditions, to women who took Depakote® during pregnancy.

12.    Prior to Plaintiff becoming pregnant, Abbott knew or should have known that Depakote® crosses the placenta and, thereby, poses significant risks to the developing fetus.

13.    Prior to the time that Plaintiff ingested Depakote® during her pregnancy, Abbott knew or should have known that Depakote® posed an increased risk of congenital birth defects, including heart defects and other related conditions.

14.    Prior to the time that Plaintiff ingested Depakote® during her pregnancy, Abbott knew or should have known from available information that Depakote® posed an increased risk of multiple congenital birth defects.

15.     At or before FDA approval of Depakote®, Abbott knew that Depakote® caused birth defects when administered to non-human mammalian species.

16.     Prior to the time that Plaintiff ingested Depakote® during her pregnancy, Abbott knew or should have known that AED drugs, as a class, increase the risk of congenital birth defects.

17.     Before Plaintiff ingested Depakote®, Abbott knew of studies and scientific articles finding an increased risk of major congenital abnormalities associated with Depakote® use during pregnancy.

18.     Abbott knew or should have known before 1995 that use of Depakote® during pregnancy posed significant dangers to the unborn fetus.

**Abbott Misrepresented the Safety and Efficacy of Depakote®**

19.     A central premise of federal drug regulation is that a drug manufacturer bears responsibility for the content of its label at all times.

20.     Abbott knew from preclinical studies and subsequent published studies that dangerous birth defects were associated with Depakote® use during pregnancy.  Abbott took no action to properly study Depakote® and/or did not properly publish the results of studies that it did conduct, which would have reflected the significantly increased risks.  Abbott failed to adequately warn or remedy the risks and, instead, concealed, suppressed, and failed to disclose the dangers.  Despite the numerous published studies, Abbott continues to deny the full extent of these dangers.

21.     Prior to Plaintiff's pregnancy, Abbott had the knowledge, the means, and the duty to provide the medical community and the consuming public with more accurate warnings

regarding the association between Depakote® and congenital birth defects and other related conditions. Abbott had a further duty, based upon the evidence and "signals" that had accumulated since the 1990s demonstrating a relationship between Depakote® and birth defects and/or fetal demise, including animal and human studies, case reports, adverse event reports, registries, and other available sources, to conduct post-marketing studies to evaluate fully the significance of these studies. Abbott, through its agents, employees, and servants, breached these duties.

22.     Despite Abbott's knowledge of the danger of birth defects, Abbott failed and continues to fail to adequately and accurately warn and disclose to consumers, including Plaintiff, that Depakote® significantly increases the risk of heart malformations and other birth defects.

23.     Abbott had actual knowledge that doctors frequently prescribed Depakote® to women of childbearing potential for approved uses and for un-approved, or off-label, uses.

24.     Abbott knew that its failure to disclose to the medical community and consumers, including Plaintiff, the increased risk of congenital birth defects associated with Depakote® use during pregnancy could result in serious injury and/or death to the children or unborn fetuses of women who were prescribed Depakote® by physicians who were unaware of this information. Abbott's failure to disclose this information was willful, wanton, and with intentional disregard to the health and safety of consumers, including Plaintiff, and caused serious and permanent injuries to Plaintiff and J.B.

25.     Even after significant changes were made to the Depakote® label in 2006, after J.B. was born, the current label remains deficient to adequately and accurately warn doctors and/or

their patients of the increased risk of cardiac malformations and other birth defects that are seen in babies whose mothers took Depakote® during pregnancy.

26.    Plaintiff was unaware of the dangerousness of Depakote® when taken during pregnancy.  Had she and/or her healthcare providers known of the increased risk of birth defects, she would not have taken Depakote® during her pregnancy, and J.B. would not have suffered birth defects.   Because Abbott fraudulently concealed and misrepresented the true risks associated with Depakote® use during pregnancy, Plaintiff and/or her prescribing physicians could not reasonably have discovered Abbott's wrongdoing at any time prior to the commencement of this action.

### COUNT I
### Strict Products Liability
### Defective Design

27.    Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth herein and further alleges:

28.    Abbott designed, formulated, produced, manufactured, sold, marketed, distributed, supplied, and/or placed into the stream of commerce, in the regular course of its business, the pharmaceutical drug Depakote®.

29.    At the time Depakote® was manufactured and sold by Abbott to Plaintiff, it was defective in design or formulation in that the foreseeable risks of the product exceeded the benefits associated with its design or formulation or, alternatively, it was more dangerous than an ordinary consumer would expect.

30.    Plaintiff used Depakote® during her pregnancy in a manner that was reasonably anticipated and promoted by Abbott.

31.    The Depakote® sold to Plaintiff reached her without substantial change or alteration, as expected by Abbott, and she ingested it without making any changes or alterations.

32.    As a direct and proximate result of Plaintiff's use of Depakote® during pregnancy, J.B. suffered birth defects.

33.    Abbott's intentional disregard for the safety of users of Depakote®, including Plaintiff and J.B., justifies an award of punitive damages.

**COUNT II**
**Strict Products Liability**
**Failure to Warn**

34.    Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth herein and further alleges:

35.    The Depakote® designed, formulated, produced, manufactured, sold, marketed, distributed, supplied and/or placed into the stream of commerce by Abbott was defective in that it failed to include adequate warnings regarding all adverse side effects associated with the use of Depakote® during pregnancy.  The warnings given by Abbott did not sufficiently and/or accurately reflect the symptoms, type, scope, severity, or duration of the side effects and, in particular, the risks of injury to unborn children of women who ingest Depakote® during their pregnancy.

36.    Abbott marketed Depakote® to physicians and consumers, including Plaintiff, for approved and for off-label uses in markets including Indiana and Illinois.

37.    Abbott failed to provide adequate warnings to physicians and users, including Plaintiff, of the increased risk of congenital birth defects associated with Depakote® use during

pregnancy and aggressively promoted the product to doctors, to hospitals, and directly to consumers.

38.    As a direct and proximate result of Abbott's failure to warn of the potentially severe adverse effects of Depakote®, J.B. suffered birth defects.

39.    Abbott's intentional disregard for the safety of users of Depakote®, including Plaintiff and J.B., justifies an award of punitive damages.

**COUNT III**
**Negligence**

40.    Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth herein and further alleges:

41.    Abbott had a duty to exercise reasonable care in advertising, analyzing, assembling, compounding, designing, developing, distributing, formulating, inspecting, labeling, manufacturing, marketing, packing, producing, promoting, processing, researching, testing, and selling Depakote®.

42.    Abbott, through its agents, servants, and/or employees acting within the course and scope of their employment, breached its duty to exercise reasonable care in one or more of the following ways:

        a.    failing to conduct sufficient testing which, if properly performed, would have shown that Depakote® use during pregnancy poses an increased risk of injury to unborn children;

        b.    failing to disclose adverse test results and other information regarding the significant risk that Depakote® use during pregnancy will interfere with the proper development of an unborn fetus;

c.     failing to review all adverse drug event reports;

d.     failing to continually test, monitor, and analyze data regarding the safety, efficacy, and prescribing practices for Depakote®;

e.     failing to monitor the sales of Depakote® and related medical literature regarding the over-prescription of Depakote® to women of childbearing potential;

f.     failing to periodically review medical literature regarding the side effects associated with Depakote® use;

g.     failing to adequately warn the medical community and consumers, including Plaintiff and her healthcare providers, of the increased risks associated with Depakote® use during pregnancy;

h.     misrepresenting that Depakote® use during pregnancy presented only a potential risk that should be weighed against the benefits associated with its use when it knew or should have known of the strong association with congenital birth defects;

i.     failing to conduct post-marketing safety surveillance and report any information bearing upon the adequacy and/or accuracy of its warnings, efficacy, or safety, including the risks and/or prevalence of adverse effects associated with Depakote® use during pregnancy, to the medical community and consumers, including Plaintiff and her healthcare providers;

j.     failing to provide post-marketing warnings after Abbott knew or should

have known of the significant risks of congenital birth defects associated with Depakote® use during pregnancy;

k.  promoting and marketing Depakote® as safe and effective for use by women of childbearing potential when Abbott knew or should have known that Depakote® was associated with a significant increased risk of congenital abnormalities; and

l.  promoting and marketing Depakote® for non-approved (off-label) uses and/or over-promoting, marketing, advertising, and selling Depakote® without warning of the potential danger to an unborn fetus, which resulted in over-prescription of Depakote® to women of childbearing potential.

43.  As a consequence of one or more of the foregoing acts or omissions, Abbott failed to act as a reasonably prudent drug manufacturer.

44.  As a direct and proximate result of Abbott's negligence, J.B. suffered birth defects.

45.  Abbott's intentional disregard for the safety of users of Depakote®, including Plaintiff and J.B., justifies an award of punitive damages.

COUNT IV
**Fraudulent Misrepresentation and Concealment**

46.  Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth herein and further alleges:

47.  Abbott owed a duty to the medical community and consumers, including Plaintiff and her healthcare providers, to provide accurate and complete information regarding Depakote®.

48.     Abbott's advertising program, by affirmative misrepresentations and omissions, falsely and deceptively created the image and impression that Depakote® was as safe as other AEDs for use by women of childbearing potential.

49.     Abbott purposefully concealed, failed to disclose, misstated, downplayed, and/or understated the risks associated with Depakote®.  Abbott, through promotional literature, deceived potential users and prescribers of Depakote® by relying only on positive information and manipulating statistics to suggest widespread acceptability while concealing, misstating, and/or downplaying the known serious adverse effects.  Abbott suggested that the risks associated with the discontinued use of Depakote® may be greater than any potential risk associated with use during pregnancy and intentionally withheld relevant information from potential Depakote® users and prescribers regarding the safety and efficacy of Depakote® use during pregnancy.

50.     Specifically, Abbott misrepresented and/or omitted a number of material facts in its materials, including but not limited to:

      a.     the presence, accuracy, and adequacy of testing of Depakote®; and

      b.     the severity and frequency of adverse congenital birth defects, including heart defects, and related conditions associated with Depakote® use during pregnancy.

51.     Abbott misrepresented and/or concealed these material facts with the intent to deceive Depakote® users, including Plaintiff, and prescribers and induce users to ingest Depakote® during pregnancy.

52.     Plaintiff ingested Depakote® during her pregnancy in justifiable reliance on the

facts as she knew them.

53.     As a direct and proximate result of Abbott's misrepresentation and/or concealment of these material facts, J.B. suffered birth defects.

54.     Abbott's intentional disregard for the safety of users of Depakote®, including Plaintiff and J.B., justifies an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in her favor and seeks the following relief against Abbott:

A.     Compensatory damages in excess of $75,000, exclusive of interest and costs;

B.     Costs of suit;

C.     Pre-judgment and post-judgment interest;

D.     Punitive damages; and

E.     Such other relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED:  March 22, 2013

Respectfully submitted,


CAREY DANIS & LOWE

By:       s/ *Sarah Shoemake Doles*
          Jeffrey J. Lowe
          Sarah Shoemake Doles
          8235 Forsyth Blvd., Suite 1100
          St. Louis, Missouri 63105
          Phone: 314-725-7700
          Facsimile: 314-721-0905
          Email:  jlowe@careydanis.com
          Email: sdoles@careydanis.com

          ATTORNEYS FOR PLAINTIFF